Richard H. Reimer (RR 7878)
Melissa Battino Purin (MB 0449)
ASCAP Building
One Lincoln Plaza
New York, New York 10023
(212) 621-6261

I. Fred Koenigsberg (IK 3259)
Christopher J. Glancy (CG 8307)
Stefan M. Mentzer (SM 2542)
WHITE & CASE LLP
1155 Avenue of the Americas
New York, New York 10036
(212) 819-8200

*Attorneys for Plaintiffs*



08 CV 2990

MAR 2 4 2008
U.S.D.C. ...N.Y.
CASHIERS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------ x

BLEU DISQUE MUSIC CO., INC., WEBO GIRL
PUBLISHING, INC., MISS BESSIE MUSIC,
SKYFISH MUSIC, WB MUSIC CORP.,
RODSONGS AND CONTROVERSY MUSIC,

           Plaintiffs,

 -against-

JEC II, LLC, JONATHAN SEGAL AND
CELESTE FIERRO,

           Defendants.

------------------------------------------------ x

Civil Action
No.

**COMPLAINT**

Plaintiffs, by their undersigned attorneys, allege:

1. This is a suit for copyright infringement under Title 17, U.S.C. Jurisdiction of this Court is based upon Title 28, U.S.C., Section 1338(a).

2. Plaintiffs allege five (5) causes of action for copyright infringement based on the Defendants' public performances of copyrighted musical compositions. SCHEDULE A annexed to the Complaint sets forth in summary form the allegations hereinafter made with respect to the Plaintiffs, their copyrighted musical compositions, and Defendants' acts of infringement.

3. Plaintiffs named in Column 2 (all references to columns are to columns in SCHEDULE A) are the owners of the copyrights in the works listed in Column 3, and are properly joined in this complaint under Rule 20, Fed. R. Civ. P.

4. Defendant JEC II, LLC is a New York limited liability company which did at the times hereinafter mentioned and still does own, control, manage, operate and maintain a place of business for public entertainment, accommodation, amusement and refreshment known as One, located at One Little W. 12th Street, in New York, in the State of New York.

5. Upon information and belief, Defendants Jonathan Segal and Celeste Fierro are residents of this District and, at all times hereinafter mentioned were and still are principals and managing members of Defendant JEC II, LLC, and share joint responsibility for the control, management, operation and maintenance of the affairs of said company. The acts hereinafter complained of were done with their active assistance, cooperation, acquiescence and procurement, and they derive financial benefit therefrom.

6. Musical compositions were and are publicly performed at said place of business.

7. The original musical compositions listed in Column 3 were created and written by the persons named in Column 4.

8. The compositions named in causes of action 1 through 3 and 5 were published on the dates stated in Column 5, and since the dates of publication have been printed and published in strict conformity with Title 17, U.S.C.

9. The composition named in cause of action 4 was registered as an unpublished composition on the date stated in Column 5.

10. The Plaintiffs named in each cause of action, including their predecessors in interest, if any, complied in all respects with Title 17, U.S.C., and secured the exclusive rights and privileges in and to the copyright of each composition listed in Column 3, and received from the Register of Copyrights a Certificate of Registration, identified as set forth in Column 6.

11. Defendants on the dates specified in Column 7, and upon information and belief, at other times prior and subsequent thereto, infringed the copyright in each composition named in Column 3 by giving public performances of the compositions on Defendants' premises, for the entertainment and amusement of the patrons attending said premises, and Defendants threaten to continue such infringing performances.

12. The performances of the Plaintiffs' copyrighted musical compositions on the dates specified in Column 7 on Defendants' premises were unauthorized: neither Defendants, nor any of the Defendants' agents, servants or employees, nor any performer was licensed by, or

otherwise received permission from any Plaintiff or any agent, servant or employee of any Plaintiff to give such performances.

13. In undertaking the conduct complained of in this action, Defendants knowingly and intentionally violated Plaintiffs' rights. Defendants' knowledge and intent are established by the following facts:

(a) Defendants have not sought or obtained a license agreement from Plaintiffs or the American Society of Composers, Authors and Publishers (ASCAP), a performing rights licensing organization of which all Plaintiffs are members.

(b) Despite numerous letters and other contacts by ASCAP representatives informing the Defendants of their liability under the United States Copyright Law, Defendants have continued to perform copyrighted music without permission during the hours that Defendants' establishment is open to the public for business and presenting musical entertainment.

(c) The many unauthorized performances at One include the performances of the five copyrighted musical compositions upon which this action is based.

14. At the times of the acts of infringement complained of, the Plaintiff named in each cause of action was the owner of the copyright in the composition therein named.

15. The said wrongful acts of the Defendants have caused and are causing great injury to the Plaintiffs, which damage cannot be accurately computed, and unless this Court restrains the Defendants from the further commission of said acts, said Plaintiffs will suffer irreparable injury, for all of which the said Plaintiffs are without any adequate remedy at law.

WHEREFORE, Plaintiffs pray:

I. That Defendants and all persons acting under the direction, control, permission or authority of Defendants be enjoined and restrained permanently from publicly performing the aforementioned compositions or any of them and from causing or permitting the said compositions to be publicly performed in Defendants' said premises, or in any place owned, controlled or conducted by Defendants, and from aiding or abetting the public performance of such compositions in any such place or otherwise.

II. That Defendants be decreed to pay such statutory damages as to the Court shall appear just, as specified in 17 U.S.C. § 504(c)(1), namely, not more than Thirty Thousand Dollars ($30,000) nor less than Seven Hundred And Fifty Dollars ($750) in each cause of action herein.

III. That Defendants be decreed to pay the costs of this action and that a reasonable attorney's fee be allowed as part of the costs.

IV. For such other and further relief as may be just and equitable.

Dated: New York, New York
March 24, 2008

RICHARD H. REIMER (RR 7878)
MELISSA BATTINO PURIN (MB 0449)
ASCAP Building
One Lincoln Plaza
New York, New York 10023
Telephone: (212) 621-6200
Facsimile: (212) 787-1381

WHITE & CASE LLP

By: _____
I. Fred Koenigsberg (IK 3259)
Christopher J. Glancy (CG 8307)
Stefan Mentzer (SM 2542)
1155 Avenue of the Americas
New York, New York 10036
Telephone: (212) 819-8200
Facsimile: (212) 354-8113

*Attorneys for Plaintiffs*

| Columns 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Cause of Action | Plaintiff | Musical Composition | Writers | Date of Publication | Certificate of Registration Number | Date of Known Infringement |
| 1. | BLEU DISQUE MUSIC CO., INC., WEBO GIRL PUBLISHING, INC., MISS BESSIE MUSIC, SKYFISH MUSIC AND WB MUSIC CORP. | JUSTIFY MY LOVE | MADONNA CICCONE LENNY KRAVITZ (A/K/A LEONARD ALBERT KRAVITZ) | 11/13/90 | PA 498-498 | 5/16/07 |
| 2. | RODSONGS | OFF THE WALL | ROD TEMPERTON | 8/6/79 | PA 47-558 | 5/16/07 |
| 3. | RODSONGS | ROCK WITH YOU | ROD TEMPERTON (A/K/A RODNEY TEMPERTON) | 8/6/79 | PA 47-557 | 5/16/07 |
| 4. | CONTROVERSY MUSIC | WHEN DOVES CRY | PRINCE NELSON (A/K/A PRINCE) | 4/24/84 | REGISTERED AS UNPUBLISHED PAU 609-914 | 5/16/07 |
| 5. | CONTROVERSY MUSIC | KISS | PRINCE ROGERS NELSON (A/K/A PRINCE) | 2/5/86 | PA 284-474 | 5/16/07 |

SCHEDULE "A"